UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARTEZ ANTHONY DICKSON,  )
                          )
            Plaintiff,    )
                          )
v.                        )    No. 4:17-CV-2448 RLW
                          )
THOMAS KLOEPPINGER,       )
                          )
            Defendant.    )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Martez Anthony Dickson (registration no.1035314), an inmate at South Central Correctional Center ("SCCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $7.91. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $39.58. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $7.91, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual

allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Thomas Kloeppinger, the Court Clerk of the Circuit Court of the City of St. Louis, is the only named defendant in this action. He is sued in his individual and official capacity.

Plaintiff states that defendant Kloeppinger has interfered with his civil rights by placing barriers in his ability to file a writ of habeas corpus in St. Louis City Court. He claims that when he attempted to file his writ of habeas corpus, defendant Kloeppinger sent his habeas packet back to him and asked him to "complete additional paperwork" prior to filing his case. When plaintiff sent the additional paperwork back to defendant Kloeppinger on March 28, 2017, plaintiff was informed that he was unable to file his writ of habeas corpus in St. Louis City Court. Plaintiff believes this was a violation of his civil rights and he seeks to bring an action against defendant Kloeppinger for interfering with his access to Courts.

**Discussion**

The Court has reviewed plaintiff's filings on Missouri.Case.Net and found that he attempted to file his state application for writ of habeas corpus in his criminal case, *State v. Dickson*, No. 22981-03434-01 (22nd Judicial Court, St. Louis City). The Court Clerk docketed his application for writ of habeas corpus on April 12, 2017, as well as his "motion to grant immediate discharge" on May 4, 2017 and his "motion for production of documents" on May 19, 2017.

On July 17, 2017, the Court notified petitioner that he had filed his petition for writ of habeas corpus in the wrong Court. Additionally, petitioner was told that he had failed to file his petition as an independent civil action.[1] Accordingly, his application for writ of habeas corpus was dismissed.

Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). "Review of state court decisions may be had only in the Supreme Court." *Id.* Further, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. County of Washington*, 971 F.2d 100, 101 (8th Cir.1992) (internal quotations marks and citation omitted). *See also Maness v. District of Logan County–Northern Div.*, 495 F.3d 943 (8th Cir.2007) (clerks absolutely immune for acts that may be seen as discretionary or for acts taken at the direction of a judge or according to court rule); *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir.2001) (court clerks absolutely immune from actions for damages for charging excessive bail-action required under court order or at a judge's discretion); *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir.1989) (explaining that federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint and by lying to him about its whereabouts, was entitled to judicial immunity because "the filing of complaints and other documents is an integral part of the judicial process"); *see also Davis v. McAteer*, 431 F.2d 81, 82 (8th Cir.1970) (holding state court clerk who allegedly lost court file entitled to absolute immunity).

---

[1] The Court notes that a review of Missouri.Case.Net shows that plaintiff has filed two separate and independent applications for writ of habeas corpus in the Missouri Supreme Court prior the instant application in the Missouri trial Court. *See Dickson v. Bowersox*, No. SC95342 (2015) and *Dickson v. Bowersox*, No. SC95097 (2015).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $7.91 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 22nd day of September, 2017.

							  *Ronnie L. White*
							  RONNIE L. WHITE
							  UNITED STATES DISTRICT JUDGE