# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARTEZ ANTHONY DICKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-2448 RLW |
| THOMAS KLOEPPINGER, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This action is before the Court on plaintiff's motion to alter, amend, or reconsider the dismissal of this action under 28 U.S.C. § 1915. For the following reasons, the motion will be denied.

Plaintiff, an inmate at South Central Correctional Center, filed his complaint and motion to proceed in forma pauperis on September 20, 2017. Plaintiff brought his complaint pursuant to 42 U.S.C. § 1983, alleging that defendant Thomas Kloeppinger, the Clerk of the Circuit Court of the City of St. Louis, denied him access to the courts. Specifically, plaintiff complained that defendant sent his habeas corpus filings back to him and asked him to "complete additional paperwork" prior to filing his case. When plaintiff submitted the additional paperwork on March 28, 2017, he was informed that he was unable to file his writ of habeas corpus in the St. Louis City Court. Rather, he was told the writ of habeas corpus had to be filed in jurisdiction where he was confined.

On September 22, 2017, the Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), finding that plaintiff's allegations failed to state a claim upon which relief could be granted. *See* ECF No. 4. Specifically, the Court found that it lacked subject matter jurisdiction

to engage in appellate review of state court decisions. Additionally the Court stated that defendant Kloeppinger, the Clerk of Court of the Circuit Court of St. Louis City, has absolute quasi-judicial immunity for civil rights violations when he is performing tasks that are an integral part of the judicial process.

Plaintiff filed the instant motion for reconsideration of the dismissal by placing it in the prison mail system on October 7, 2017. In his motion for reconsideration, plaintiff attempts to refute some of the Court's factual findings from Missouri.Case.Net.[1] He also attempts to state an equal protection claim, by comparing defendant's treatment of plaintiff's habeas corpus petition to that of another inmate, Mr. Lafair Smith, whose petition plaintiff claims was properly filed.

First, plaintiff has not created any issue of fact in his refutation of the Court's findings. At most, he shows that he was unaware that his petition had been filed in state court, and that the notice to file in the county of confinement was mailed from the Circuit Attorney's Office, and not the Circuit Court for the City of St. Louis. This does not alter the Court's decision.

Plaintiff's assertion regarding his equal protection claim is an assertion of a new legal theory, and there is no indication plaintiff could not have offered this same theory in his original complaint. Rule 59(e) permits a court to alter or amend a judgment, but "[s]uch motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care*, 141 F.3d at 1286)). Rather, such motions serve the limited function of corrections of "manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d

---

[1] Throughout his motion, plaintiff refers to the Undersigned Judge as "The Honorable Smith," which is likely a clerical error.

407, 414 (8th Cir. 1988). Moreover, plaintiff does not dispute that defendant, as a state court clerk, has absolute quasi-judicial immunity from suit.

For these reasons, plaintiff's motion for reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to alter or amend or reconsider the judgment is **DENIED**. [ECF No. 7]

Dated this 15th day of November, 2017.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE